## MUDLICK FARMS, INC. v GERMANTOWN ROTARY CLUB et

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1640. Decided Nov. 29, 1940.

Harry N. Wolfe, Dayton, for defendants-appellees, for the Motion.

McMahon, Corwin, Landis & Markham, Dayton, for plaintiff-appellant, contra the Motion.

### OPINION

BY THE COURT:

Submitted on motion of appellees to dismiss the appeal on questions of law and fact and to order that the cause on appeal proceed as on questions of law only.

It is urged by the mover that the action below proceed under the Declatory Judgments Act, which is a procedure authorized by statute and that the remedy being statutory the appeal is in the nature of an error proceeding and not an appeal de novo.

This contention is countered by the appellant by the citation of two cases, Kochs, Admrx. v Kochs, 49 Oh Ap 327, and Dillon v Gaker, 57 Oh Ap 90, which hold that the nature of the appeal is determined by the relief sought whether equitable or legal in its nature.

For the purposes of this motion we may concede the correctness of the adjudications in the two aforesaid cited cases. Even so, it is our judgment that this appeal should proceed as upon questions of law only for the reason that the principal relief sought is legal in character, namely, a determination whether or not the plaintiff, at the time of the institution of the suit, had the right to institute its action in forcible entry and detainer against the defendants.

We have examined the petition at length and while it is true that some of the matters upon which the court is asked to declare its judgment are equitable in cognizance and will require the application of the principles of equity to them, yet the main subject invoked and controlling adjudication sought is legal in character. The principal relief sought is determinative of the nature of the action.

The motion will be sustained and it will be held that this court may not retry the facts but that the appeal will proceed upon questions of law and the appellant will be given thirty (30) days from the journalizing of this decision within which to file a bill of exceptions with the trial judge for settlement.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.