**WORKMAN et d.b.a. WORKMAN & SAYLES, Plaintiffs-Appellees, v. REPUBLIC MUTUAL INSURANCE COMPANY, Defendant-Appellant; KIDWELL, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 3636. Decided June 10, 1943.

W. E. Benoy, Columbus, and Paul P. Somers, Columbus, for plaintiffs-appellees.

Luther L. Boger, Columbus, for Insurance Company, defendant-appellant.

**OPINION**

BY THE COURT:

The above-entitled cause is now being determined on plaintiff-appellee's motion to dismiss defendant-appellant's appeal on questions of law and fact.

The action originated in the Common Pleas Court of Franklin County, Ohio. Plaintiff-appellee in its petition set forth two causes of action. The first cause of action sought a declaratory judgment and the second cause of action was by way of alternative plea in the event relief should be denied under the first cause of action.

The trial court entered judgment for the plaintiff and granted the full relief requested under the first cause of action.

No action whatever was taken under this second cause of action.

Defendant insurance company filed notice of appeal under which the cause was appealed on questions of law and questions of law and fact. It appears at once that this form of appeal was wrong since under the present procedural act an appellant may not have an appeal at law and also a chancery appeal.

An examination of the file would indicate that appellant elected to proceed under his appeal on law. We make this observation by reason of the fact that appellant had prepared and filed a bill of exceptions and following that, an assignment of error together with brief wherein was discussed the claimed errors. Plaintiff-appellee filed answer brief.

For some unaccountable reason appellant resists the application to dismiss his appeal on questions of law and fact. Under no circumstances would the appellant be entitled to prosecute such an appeal for the reason that the judgment appealed from is in no sense a chancery matter.

Had the court denied relief under plaintiff's first cause of action and thereafter entered judgment for plaintiff on the second cause of action, it is probable an appeal de novo would lie.

We had this identical question before us in the case of **Mudlock Farms, Inc. v. Germantown Rotary Club, 33 Abs 157.**

The motion to dismiss will be sustained on the authority of the above-entitled case. Counsel for appellee in memoranda appended to motion to dismiss, merely asks that the appeal on questions of law and fact be dismissed and expressly asks the court to retain the case as an appeal on question of law. Under this situation it will not be necessary to give a period of time within thirty days for the filing of a bill of exceptions.

The journal entry may show a waiver of time for filing bill of exceptions and briefs, and further that we retain the case for hearing as an appeal upon law.

Entry may be drawn accordingly.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.